QUESTION: Is the insurance business written through the Florida Medical Malpractice Joint Underwriting Association subject to the premium tax provided in s. 624.509, F. S.?
SUMMARY: Insurance business written through the Florida Medical Malpractice Joint Underwriting Association as insurer is not subject to the premium tax imposed under s. 624.509, F. S., because such insurance business would be within the exemption provided for in s. 624.512, F. S. Your question is answered in the negative. You have advised in your letter as follows: The 1975 Legislature provided for the issuance of medical malpractice insurance through a joint underwriting association to be composed of certain casualty insurers and medical malpractice self-insurers authorized to do business in Florida. The association created to implement the legislation is a nonprofit entity whose members are domestic insurance corporations, foreign insurance corporations, foreign insurance corporations having regional home offices in Florida and self-insuring groups of varying organizational characteristics. Section 624.509(1), F. S., imposes a premium tax as provided for therein on each "insurer." Section 624.512, F. S., provides: Domestic insurers exempt. — Insurers organized and existing under the laws of this state, and which insurers maintain their home office in this state, shall not be required to pay the tax on insurance and annuity premiums, assessments or considerations as imposed under ss. 624.509 and 624.510, except as provided in s. 624.513. (Emphasis supplied.) Thus, the question posed is whether or not the joint underwriting association (JUA) created under s. 14 of Ch. 75-9, Laws of Florida, is required to pay the premium tax imposed under s. 624.509(1), F. S. The pivotal question is whether or not such joint underwriting association is within the exemption provided in s. 624.512, F. S. For the reasons hereinafter stated, I conclude that the association is within the exemption provided for. The exemption runs to insurers organized and existing under the laws of this state which maintain their home office within this state. Your letter indicates that you are concerned because the members of the joint underwriting association (JUA) include foreign insurance corporations and foreign insurance corporations having regional home offices in Florida. Section 624.03, F. S., defines "insurer" as "every person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance or of annuity." (Emphasis supplied.) Section 624.04, F. S., defines "person" as follows: "Person" includes an individual, insurer, company, association, organization, Lloyds, society, reciprocal insurer or interinsurance exchange, partnership, syndicate, business trust, corporation, agent, general agent, broker, solicitor, service representative, adjuster, and every legal entity. (Emphasis supplied.) As can be noted, an "association" is included within the definition of "person" which is included within the definition of "insurer." Section 624.06, F. S., defines "domestic" and "foreign" insurers as follows: (1) A "domestic" insurer is one formed under the laws of this state. (2) A "foreign" insurer is one formed under the laws of any jurisdiction other than this state. Thus, a domestic insurer is one formed under the laws of this state while a foreign insurer is one formed under the laws of any other jurisdiction. The joint underwriting association is clearly an "insurer" formed under the laws of the State of Florida and thus will be a "domestic" insurer, and the fact that some of the members of the association were formed under the laws of other states or jurisdictions or maintain offices in other states or jurisdictions is immaterial. The exemption found in s. 624.512, F. S., runs to insurers and is not restricted or qualified by the residence of the members of an association or by the residence of stockholders of corporations. Thus, the first requirement of the exemption provided in s. 624.512 is met. That is, the insurer (joint underwriting association) is organized and existing under the laws of this state. The Insurance Commissioner or his representative is designated chairman of the board in s.627.351(8)(c), F. S., as created by s. 14 of Ch. 75-9, supra. The board of governors is constituted of representatives of five of the insurers participating under the joint underwriting association, an attorney to be provided by The Florida Bar, a medical representative to be named by the hospital association, and the Insurance Commissioner or his designated representative employed by the Department of Insurance. This board is created under Florida law and has no existence outside the territorial boundaries of the State of Florida. (See State ex rel. Clyatt v. Hocker, 22 So. 721.) Thus, the home office of the joint underwriting association would be within the State of Florida, and you have not advised this office to the contrary. The sample policy forms provided by your office state the address to be 325 John Knox Road, Tallahassee, Florida, 32303. Thus, the second requirement of the exemption statute is met, and the JUA would be entitled to the exemption if it is the insurer. The purpose of the joint underwriting association is to establish a temporary joint underwriting plan which will function for a period not exceeding 3 years from the date of adoption by the Department of Insurance. The statute mandates that the plan shall provide professional liability or malpractice coverage in a standard policy form for all hospitals licensed under Ch. 395, F. S., physicians licensed under Ch. 458, F. S., osteopaths licensed under Ch. 459, F. S., podiatrists licensed under Ch. 461, F. S., dentists licensed under Ch. 466, F. S., nurses licensed under Ch. 464, F. S., and nursing homes licensed under Ch. 400, F. S., or professional associations of such persons. (Section 627.351(8)(d), F. S.) Apparently the plan contemplates that the association provide such insurance to the aforementioned groups. The sample policy forms provided by your office support this conclusion. The forms reflect that the insurance is written by the Florida Medical Malpractice Joint Underwriting Association, as insurer, as opposed to being written by the various members as insurers. Thus, the JUA is the insurer, and since the requirements of the exemption statute, s. 624.512, F. S., are otherwise met, insurance written by the JUA would be exempt from the premium tax imposed under s. 624.509, F. S.